UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,**<br>    Plaintiff, | §<br>§<br>§<br>§ | |
| v. | § | CRIMINAL NO. 2:20-828 |
| **SILVIA HERNANDEZ,**<br>    Defendant. | §<br>§<br>§<br>§ | |

### ORDER

Pending before the Court is Defendant Silvia Hernandez's letter motion to be transferred to home confinement. D.E. 36.

In September of 2020, Defendant pled guilty to transportation of an undocumented alien. She has served approximately 10 months (48%) of her 21-month sentence and has a projected release date, after good time credit, of November 18, 2021. She now moves the Court for release to home confinement because her adult son was recently placed on life support, and she wishes to be by his side.

The Bureau of Prisons (BOP) has exclusive authority to determine where a prisoner is housed. 18 U.S.C. § 3621(B). Defendant's initial remedy to challenge this determination is by administrative action within the BOP. The proper vehicle to thereafter challenge the BOP's administrative decisions is a petition pursuant to 28 U.S.C. § 2241, which must be filed in the same district where the prisoner is incarcerated. *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). Defendant is currently incarcerated at FDC Houston, which is located in the Southern District of Texas. Assuming Defendant

remains incarcerated in Houston, she should file any § 2241 petition in this Court after first exhausting her administrative remedies. To the extent Defendant seeks a sentence reduction, she should file a motion pursuant to 18 U.S.C. § 3582(c) in this Court, also after first exhausting her administrative remedies.

For the foregoing reasons, Defendant's letter motion for transfer to home confinement (D.E. 36) is **DENIED**

ORDERED this 19th day of April, 2021.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE